IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES R. ROCKWELL** | ) | |
| Petitioner, | ) | Civil Action No. 08-118 Erie |
| | ) | |
| v. | ) | **District Judge Sean J. McLaughlin** |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **RAYMOND SOBINA, et al.,** | ) | |
| Respondents. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

### II.  REPORT

Petitioner, Charles R. Rockwell, is subject to a lengthy sentence imposed by the Court of Common Pleas of Bradford County, Pennsylvania. At the time he commenced this proceeding, he was incarcerated at the State Correctional Institution in Albion, Pennsylvania ("SCI Albion"). Pending before the Court is his Petition for Writ of Habeas Corpus, which he has filed pursuant to 28 U.S.C. § 2254. He contends that he is entitled to habeas relief because officials at SCI Albion improperly denied his request for a transfer to Tennessee to answer probation violation charges there, in violation of the Interstate Agreement on Detainers (hereinafter referred to as the "IAD"). The IAD is a compact among 48 states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. It is a congressionally sanctioned interstate compact within the meaning of the Compact Clause of the United States Constitution, U.S. Const. Art. I § 10 cl. 3, and thus is a federal law subject to federal construction.

1

New York v. Hill, 528 U.S. 110 (2000) (citations omitted); Johnson v. Williams, 666 F.2d 842, 844 n.1 (3d Cir. 1981) ("[T]he IAD has been held to constitute a law of the United States[.]") (citations omitted). It is codified in Pennsylvania at 42 Pa.C.S. § 9101 *et seq.* and in Tennessee at Tenn. Code Ann. § 40-31-101 *et seq.*

### A. Relevant Background

On November 12, 1997, Rockwell was convicted in the Circuit Court of Lawrence County Tennessee at Docket Nos. 19168, 19169, 19170 and 19171 with the crimes of Sexual Battery, Stalking, and Carrying a Weapon With Intent to Go Armed. He was sentenced to serve 11 months and 29 days in jail followed by eight years of probation.

In 2001, while Rockwell was serving his Tennessee term of probation, he was charged with two respective counts of Aggravated Assault and one count of Recklessly Endangering Another Person at Information No. 251 of 2000 filed in the Court of Common Pleas of Bradford County, Pennsylvania. Later that same year, he also was charged in the same court at Information No. 291 of 2000 with one count of Failure to Comply With Registration of Sexual Offenders Requirements.

On August 3, 2001, Rockwell entered guilty pleas to the charges of Aggravated Assault at Information No. 251 of 2000 and to the charge of Failure to Comply With Registration of Sexual Offenders Requirements at Information No. 291 of 2000. He was subsequently sentenced upon these convictions on September 6, 2001. He was initially sentenced as follows: (1) upon his conviction of Failure to Comply With Registration of Sexual Offenders Requirements to a term of imprisonment of not less than 48 months to life; and, (2) upon his conviction of Aggravated Assault at Information No. 251 of 2000 to a term of imprisonment of not less than 48 months nor more than eight years, to be served consecutively with the sentence imposed at Information No. 291 of 2000. Rockwell's sentence

for Failure to Comply With Registration of Sexual Offenders Requirements was later reduced to a maximum term 20 years. Thus, his sentence in the aggregate on both informations is for not less than eight years nor more than 28 years.

In the meantime, Probation Violation Warrants were filed at Docket Nos. 19168, 19169, 19170 and 19171 in Lawrence County, Tennessee [ECF No. 11-1, Exs. 5-6], which, on or about October 22, 2001, were lodged against Rockwell's current Pennsylvania sentence as detainers. [See ECF No. 11-1, Exs. 3, 7].

Many years later, in 2008, Rockwell sought to be transferred to Tennessee pursuant to the IAD in order to answer the detainers issued in Lawrence County. [ECF No. 11-1, Ex. 8; see also ECF No. 5 at p. 6]. His request was rejected because, as an SCI Albion staff member explained to him:

> [y]ou can only request final disposition for UNTRIED indictments. Your detainer from Lawrence County, Tennessee is for violation of probations. Therefore you are not able to file under the Interstate Agreement on Detainers.

[ECF No. 11-1 at p. 38, Ex. 8].

In the instant federal habeas petition, Rockwell claims that SCI Albion officials have violated the IAD by denying his request for a transfer. He also asserts that authorities in Tennessee have violated the IAD by refusing to obtain custody of him. Respondents counter, *inter alia*, that the petition must be denied because the IAD does not apply to Rockwell's circumstance.

**B.     Discussion[1]**

The IAD establishes procedures for member states to effect the expeditious and orderly disposition of out-of-state criminal charges pending against persons incarcerated in state institutions. In

---

[1] There is no evidence in the record that Rockwell exhausted his state-law remedies. However, because his petition plainly has no merit, this Court need not inquire further into that issue and instead may simply review the petition. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

3

relevant part, it provides for the delivery of temporary custody of a prisoner to the receiving state for trial prior to the completion of a prisoner's sentence in the sending state. And, it seeks to minimize the consequent interruption of the prisoner's ongoing prison term and prevent prosecutorial abuses of the detainer that potentially allow a prisoner to languish in a separate jurisdiction under the constant but uncertain threat of further prosecution. IAD Art. I; See, e.g., McCandless v. Vaughn, 172 F.3d 255 (3d Cir. 1999); Cooney v. Fulcomer, 886 F.2d 41 (3d Cir. 1989).

The IAD provides at Article III(a) that:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, *and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner*, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint[.]

(Emphasis added). If the prisoner requests final disposition of those charges, then the receiving state must bring him to trial within 180 days of his request for disposition of the charges or dismissal of those charges will result. IAD Art. III(a)-(d).

Respondents are correct that the IAD does not apply to Rockwell's circumstance and therefore he is not entitled to habeas relief. As the italicized portion of Article III referenced above reflects, the IAD applies only to cases where "there is pending in any other party state any untried indictment, information or complaint." In Carchman v. Nash, 473 U.S. 716, 726 (1985), the Supreme Court "conclude[d] from the language of the [IAD] that a detainer based on a probation-violation *charge is not a detainer based on 'any untried indictment, information or complaint,' within the meaning of Art. III*." (Emphasis added). In reaching this result, the Supreme Court explained:

4

> Article III by its terms applies to detainers based on "any untried indictment, information or complaint." The most natural interpretation of the words "indictment," "information," and "complaint" is that they refer to documents charging an individual with having committed a criminal offense. See Fed.Rules Crim.Proc. 3 (complaint) and 7 (indictment and information). This interpretation is reinforced by the adjective "untried," which would seem to refer to matters that can be brought to full trial, and by Art. III's requirement that a prisoner who requests final disposition of the indictment, information, or complaint "shall be brought to trial within 180 days." (Emphasis added.)

Carchman, 473 U.S. at 724-25. The Supreme Court thus held that "[t]he language of the Agreement therefore makes clear that the phrase 'untried indictment, information or complaint' in Art. III refers to criminal charges pending against a prisoner." Id. Accordingly, the Supreme Court determined:

> *[a] probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III.* Although the probation-violation charge might be based on the commission of a criminal offense, it does not result in the probationer's being "prosecuted" or "brought to trial" for that offense. Indeed, in the context of the Agreement [the IAD], the probation-violation charge generally will be based on the criminal offense for which the probationer already was tried and convicted and is serving his sentence in the sending State.
>
> Nor, of course, will the probationer be "prosecuted" or "brought to trial" on the criminal offense for which he initially was sentenced to probation, since he already will have been tried and convicted for that offense. Instead, the probation-violation charge results in a probation-revocation hearing, a proceeding to determine whether the conditions of probation should be modified or the probationer should be resentenced, at which the probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Cf. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole revocation hearing).

Id. at 725-26 (emphasis added).

Because the detainers lodged against Rockwell are based on violations of his probation, he was not entitled to a transfer under the IAD, Carchman, 473 U.S. at 724-25, and therefore his habeas petition should be denied.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Applying that standard here, jurists of reason would not find it debatable whether the petition should be denied. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Dated: December 13, 2010  /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Sean J. McLaughlin
United States District Judge